UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN JOHNSON,

     Petitioner,

v.                                                                          Case No. 6:12-cv-1218-Orl-36TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

     Respondents.

_____/

## ORDER

Petitioner Jonathan Johnson ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1, filed August 8, 2012).  Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 11).  Petitioner filed no reply to the response.

In his sole claim for relief, Petitioner alleges that he was sentenced to a ten-year minimum mandatory sentence even though the charging information was defective (Doc. 1 at 5-7).  The Court cannot reach the merits of this claim because, as explained below, the pleadings and attachments before the Court establish that the petition is untimely.

I.       **Background and Procedural History**

On May 4, 2006, Petitioner was charged by information with one count of aggravated battery with a firearm in violation of Florida Statute §§ 784.045(1)(a)(2) and 775.087(2) (App. B at 1).[1]  On September 12, 2006, Petitioner pleaded no contest and was sentenced to a minimum mandatory ten-year prison sentence to be served concurrently with any other active sentence. *Id.* at 2-7.  Petitioner did not file a direct appeal.

_____

[1] Unless otherwise specified, all citations to the state court record refer to the exhibits submitted with the response (Docs. 12, 13, filed February 2, 2013).

On November 7, 2006, Petitioner filed a motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(c) (App. E at 1-6).[2]  The motion was denied on November 15, 2006. *Id.* at 7.

On November 15, 2007, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 motion"), raising two claims of ineffective assistance of counsel and two claims of trial court error (App. F at 1-21).  The post-conviction court denied grounds two, three, and four of the motion and ordered Petitioner to file an amended Rule 3.850 motion as to ground one. *Id.* at 62.  Petitioner filed an amended Rule 3.850 motion on October 29, 2008. *Id.* at 64.  The amended motion was denied on January 5, 2009, and the Fifth District Court of Appeal *per curiam* affirmed on June 30, 2009. *Id.* at 190.  On December 7, 2009, Petitioner filed another Rule 3.850 motion (App. G at 1-10).  The motion was dismissed as successive, and on March 16, 2010, the dismissal was *per curium* affirmed. *Id.* at 18-19.

On September 17, 2010, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) (App. H at 1-5).  The post-conviction court denied the motion, and the Fifth District Court of Appeal *per curiam* affirmed on January 18, 2011. *Id.* at 97; *Johnson v. State*, 56 So.3d 21 (Fla. 5th DCA 2011).   Petitioner's motion for rehearing was denied on February 3, 2011 (App. H at 106).

On September 1, 2011, Petitioner filed a motion for leave to file a successive Rule 3.850 motion (App. I at 1).  The motion was denied because the two-year time limit for filing a Rule 3.850 motion had passed. *Id.* at 7.

---

[2] This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if [that] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  For purposes of calculating time, the Court will apply the mailbox rule and refer to the dates Petitioner signed his documents and submitted them to prison authorities. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

On November 22, 2011, Petitioner turned over for mailing a petition for writ of habeas corpus, which was filed in this court on November 25, 2011. *See* Case No. 6:11-cv-1882-19GJK. On January 19, 2012, the petition was dismissed without prejudice because Petitioner did not pay the filing fee.  On May 18, 2012, Petitioner turned over for mailing the same petition that had been previously dismissed without prejudice, and it was filed in this Court on August 8, 2012 (Doc. 1).

## II.    Analysis

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  This limitation period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the facts supporting the claim or   claims  presented could have been discovered through the exercise of  due diligence.

28 U.S.C. § 2244(d)(1).  Here, Petitioner does not allege, nor does it appear from the pleadings or record, that any of the statutory triggers set forth in §§ 2244(d)(1)(B-D) apply.  Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### a.      *Petitioner's habeas corpus petition is untimely*

Petitioner was sentenced on September 12, 2006 (App. B at 2-7).  Because Petitioner did not appeal, his conviction and sentence became final thirty days after he was sentenced. *See Gonzalez v. Thaler*, 132 S. Ct. 641 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]"); Fla. R. App. P. 9.140(b)(3) (allowing 30 days to file a notice of appeal). Accordingly, Petitioner's conviction became "final" for purposes of § 2244(d)(1)(A) on October 12, 2006, and Petitioner had one year from that date, or until October 12, 2007, to file his federal habeas petition.  *See Downs v. McNeil*, 520 F. 3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method" under which limitations period expires on anniversary of date it began to run).  Petitioner's federal petition was not filed until May 18, 2012. Therefore, it is untimely unless tolling principles apply to render it timely.

### b.      *Petitioner's habeas corpus petition is not subject to tolling*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Petitioner filed a motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(c) on November 7, 2006 (App. E at 1-6).  However, this motion did not toll the statute of limitations. *See Baker v. McNeil*, 439 Fed. Appx. 786, 788-89 (11th Cir. 2011) (a motion for discretionary sentence reduction pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure is not an application for state post-conviction or other collateral review, and thus the filing of such a motion will not toll the one-year limitations period for filing a federal habeas petition).

Petitioner filed a Rule 3.850 motion on November 15, 2007 (App. F at 1).  However, Petitioner's limitation period expired on October, 12, 2007, and this motion did not act to toll the AEDPA clock because a tolling motion under § 2244(d)(2) cannot toll the one-year limitations period if that period expired prior to filing the motion.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Likewise, neither could Petitioner's December 7, 2009 Rule 3.850 motion or his subsequent Rule 3.800(a) motion serve to resurrect a limitations period that had already passed.  *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of timely Rule 3.850 motion outside limitations period).

Petitioner filed the instant § 2254 petition on May 18, 2012.  Because Petitioner's AEDPA clock ran out on October 12, 2007, the petition was 1680 days late.  Further, Petitioner does not allege that he is entitled to review of his federal claims through any recognized exception to the time bar.  Therefore, his federal petition must be dismissed as untimely.

Any allegations not specifically addressed herein that attempt to excuse Petitioner's failure to file the instant petition within the one-year period of limitation have been found to be without merit.

### III.   Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'"*Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Jonathan Johnson (Doc. 1) is **DISMISSED WITH PREJUDICE** as untimely.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 26th day of April, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-4  4/26
Jonathan Johnson
Counsel of Record